IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No.: 7:11-CV-158-BO

JOSEPH SOUTHERLAND, )
Plaintiff, )
)
v. )
) O R D E R
CAROLYN W. COLVIN, )
*Acting Commissioner of Social Security*, )
Defendant. )
_____)

Plaintiff's counsel has moved for attorney's fees and costs pursuant to 42 U.S.C. § 406(b)

[DE 50]. For the reasons stated herein, counsel's motion is GRANTED.

## DISCUSSION

Plaintiff's counsel seeks fees pursuant to 42 U.S.C. § 406(b). Section 406(b)(1) allows

the Court to award a "reasonable fee" of up to twenty-five percent of the past-due benefits paid

to the plaintiff. Here, plaintiff's counsel has requested twenty-five percent of the plaintiff's

past-due benefits. The government objects to this motion and argues that a lower fee should be

awarded. This Court reviews the requested fee for reasonableness, and may reduce the fee if, for

example, the attorney is responsible for a delay in the proceedings or the award would amount to

a windfall to counsel. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002).

Plaintiff was awarded $60,285.85 in total past-due benefits; twenty-five percent of

plaintiff's past-due benefits equals $15,071.46. Plaintiff's counsel has been paid $6,000

for representation at the administrative level and has been awarded Equal Access to

Justice Act (AJA) fees in the amount of $5,900. Counsel has submitted documentation

recording thirty-six hours and twenty five minutes related to the representation of plaintiff before this Court.

Under the circumstances of this case, the Court finds that an award of twenty-five percent of plaintiff's past due award yields a reasonable amount and would not amount to a windfall to plaintiff's counsel. Based on the number of hours worked, the lodestar amount equals approximately $250 per hour, which the Court does not find to be "out of line with the character of representation and the results achieved." *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (quotation and citation omitted). Nor does the Court find concern with counsel's proposed method of collecting his fee – by retaining his EAJA and administrative awards and seeking only the remaining balance of his twenty-five percent fee from plaintiff's past-due award.

CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees pursuant to §406(b)(1) is GRANTED. Plaintiff's counsel is hereby AWARDED $3,171.46 from plaintiff's past-due award. The remaining balance of the past-due award shall be released to plaintiff.

SO ORDERED.

This the ♣7 day of March, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2